UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PAUL OTTO,**

    **Plaintiff,**

v.                                                                               Case No: 5:13-cv-311-Oc-10PRL

**CHRIS BLAIR, JASON WILLIAMS,
ORA BERRY, RAYMOND PIOTI and
JOSEPH TUSSEY**

    **Defendants.**

## ORDER

This matter is before the Court on plaintiff's Motion for Extension of Time to Serve Defendants Jason Williams and Ora Berry and to Permit Substituted Service Pursuant to 48.161 Florida Statutes. (Doc. 4).

Plaintiff filed this action on August 30, 2012. (Doc. 1). Plaintiff contends that service of the Complaint has been effected on all Defendants except Jason Williams and Ora Berry. Plaintiff simply represents that "[n]umerous addresses have been attempted on both Defendants pursuant to skip trace searches" but "Defendants have not been found at any of the addresses." (Doc. 4 at ¶1). Based on these failed attempts, Plaintiff believes that Defendants are nonresidents of the State of Florida or are concealing their whereabouts; and seeks additional time to complete substituted service on the Florida Secretary of State pursuant to Florida Statutes § 48.161.

Federal Rule of Civil Procedure 4 allows a plaintiff to serve an individual in a judicial district of the United States by "following state law for serving a summons in an action brought

- 2 -

in courts of general jurisdiction in the state where the district court is located or where service is made. . ." Fed.R.Civ.P. 4(e)(1). Florida Statute § 48.161 provides in pertinent part:

> When authorized by law, substituted service of process on a nonresident or a person who conceals his or her whereabouts by serving a public officer designated by law shall be made by leaving a copy of the process with a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee. The service is sufficient service on a defendant who has appointed a public officer as his or her agent for the service of process. Notice of service and a copy of the process shall be sent forthwith by registered or certified mail by the plaintiff or his or her attorney to the defendant, and the defendant's return receipt and the affidavit of the plaintiff or his or attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows. . .

A statute, such as § 48.161, that provides for substituted service must be strictly construed, and the party seeking to effect substituted service has the burden of clearly justifying its applicability. *Young Spring Wire Corporation v. Smith,* 176 So.2d 903 (Fla. 1965). In order to justify the use of substituted service, "[t]he test . . . is not whether it was in fact possible to effect personal service in a given case, but whether the [plaintiff] reasonably employed knowledge at [his] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable [him] to effect personal service on the defendant." *Verizon Trademark Services, LLC v. Producers, Inc.*, No. 8:10-cv-665-T-33EAJ, 2011 WL 3296812, at *5 (M.D.Fla. Aug. 2, 2011)(quoting *Delancy v. Tobias*, 26 So.3d 77, 78 (Fla. App. Ct. 2010)).

Here, Plaintiff has failed to sufficiently show that Defendants are nonresidents or concealing their whereabouts. Based on the limited information in the file – which appears to be nothing more than speculation – the Court cannot find that Plaintiff's counsel "reasonably employed knowledge at [his] command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire information necessary to enable

- 3 -

[him] to effect personal service on the defendant." *Verizon Trademark Services*, 2011 WL 3296812, at *5; *see also Leviten v. Gaunt*, 360 So.2d 112, 113 (Fla. App. Ct. 1978)("Where neither the affidavit nor the record reveal appropriate diligence in seeking to find the party sought to be served, nor in establishing the fact that such party was indeed attempting to conceal himself, the mere filing of an affidavit alleging concealment is an insufficient basis upon which to predicate substituted service.")

Accordingly, Plaintiff's request to permit substituted service is due to be **DENIED** without prejudice to renewal upon a showing that substituted serviced is justified. However, the Court will **GRANT** Plaintiff an extension of time until **December 30, 2013** to serve Defendants Jason Williams and Ora Berry.

**DONE** and **ORDERED** in Ocala, Florida on November 4, 2013.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties