UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL OTTO,

        Plaintiff,

-vs-                                          Case No. 5:13-cv-311-Oc-10PRL

CHRIS BLAIR, in his official capacity as
Sheriff of Marion County, JASON
WILLIAMS, ORA BERRY, RAYMOND
PIOTI, and JOSEPH TUSSEY,

        Defendants.
_____/

## ORDER ON PENDING MOTIONS

Plaintiff Paul Otto has filed a six-count Complaint against the Defendants, the Sheriff of Marion County and four deputy sheriffs, alleging violations of his Eighth, Fourth, and Fourteenth Amendment rights, as well as several state law tort claims (Doc. 1). The case is presently before the Court on Defendant Josephy Tussey's motion to dismiss Count I, and motion for summary judgment as to Count II (Docs. 10-11). Otto, who is represented by counsel, has filed a response in opposition to the motion to dismiss Count I (Doc. 16), but has not filed a response to the motion for summary judgment, and the time for responding has expired.

Upon due consideration, and for the reasons discussed below, the Court finds that the motion to dismiss is due to be denied, and the motion for summary judgment is due to be granted.

## Factual Background and Procedural History

On June 18, 2010, Defendant Joseph Tussey, a Marion County deputy sheriff, observed Otto's motor vehicle cross a double yellow line with both drivers side tires. As a result, Tussey began following the vehicle. Tussey did not turn on his sirens, but followed Otto to his home. Otto drove his car onto his driveway and into his garage. After Otto exited the vehicle, Tussey issued him a verbal command to stop. Otto ignored the command and continued into his residence. Tussey entered Otto's garage and residence without permission and tackled Otto onto the ground. As a result of the tackle, Otto's elbow became severely painful and swollen. After tackling Otto, Tussey detected an odor of alcohol on Otto's breath and placed him under arrest for driving under the influence and resisting a law enforcement officer without violence.

Otto initially pleaded not guilty as to both charges. He then moved to suppress all evidence that was obtained as a result of his arrest, on the basis that Tussey entered into his home without a warrant, thereby rendering his arrest and seizure unlawful (Doc. 11, Ex. 2). The state court denied the motion on September 15, 2010 (Doc. 11, Ex. 3).[1] Following the denial of his motion to suppress, on October 15, 2010, Otto pleaded nolo contendere to both charges and was sentenced to 270 days imprisonment in Marion County Jail (Doc. 11, Ex. 1). The Judgment and Sentence, filed that same day, state that Otto was adjudicated guilty of both counts (Id.).

---

[1]The Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida affirmed the denial of Otto's motion to suppress on April 26, 2011 (Doc. 11, Exs. 4-5).

While Otto was incarcerated, he claims that Defendants Jason Williams, Ora Berry, and Raymond Pioti, all Marion County deputy sheriffs working as corrections officers at the Marion County Jail, repeatedly and violently attacked Otto, and/or allowed other inmates to physically attack him, resulting in permanent physical injuries and emotional distress.

On July 1, 2013, Otto filed a six-count Complaint against these Defendants and Marion County Sheriff Chris Blair (Doc. 1). Count I, asserted pursuant to 42 U.S.C. § 1983, alleges that Defendants Williams, Pioti, and Tussey subjected Otto to excessive force and cruel and unusual punishment in violation of Otto's Eighth Amendment Rights, and that Defendant Blair created a custom, policy, or practice of allowing such excessive force to occur. Count II is also brought under § 1983, and alleges that Defendant Tussey arrested Otto without a warrant in violation of his due process rights. Otto has also alleged state law claims against Defendants Williams, Berry, Pioti, and Tussey for battery, intentional infliction of emotional distress, and gross neglience (Counts III-V), and a claim against Defendant Blair for negligence (Count VI). Otto seeks compensatory damages, attorney's fees, and costs.

**Service of Process Issues**

Otto properly executed service of process on Defendants Blair, Tussey, and Pioti on October 8-9, 2013 (Docs. 5-7). These Defendants filed an answer, and Defendant Tussey filed the presently pending motions, on October 31, 2013 (Docs. 9-11). Otto was not able to perfect service upon Defendants Jason Williams or Ora Berry within the time limits set

forth in Fed. R. Civ. P. 4(m), and on October 29, 2013, he moved for an extension of time and for permission to effect substitute service on the Florida Secretary of State (Doc. 4). The Magistrate Judge denied the motion to effect substitute service, but gave Otto until December 30, 2013 to serve these two Defendants (Doc. 15).

Otto did not serve Defendants Williams or Berry within this extended time period. Instead, on February 20, 2014, he moved for another extension of time to perfect service (Doc. 20). On February 22, 2014, Otto effected service of process upon Defendant Berry. He filed the return of service with this Court on March 10, 2014 (Doc. 25). Defendant Berry filed his answer and affirmative defenses on March 13, 2014 (Doc. 28). To date, Otto has not effected service of process upon Defendant Williams.

On March 20, 2014, the Magistrate Judge denied Otto's second motion for extension of time to perfect service, and directed Otto to show cause on or before April 1, 2014 why his claims against Defendants Berry and Williams should not be dismissed for failure to make timely service (Doc. 30). The Magistrate Judge stated that failure to file a response by April 1, 2014 would result in the claims against these two Defendants being dismissed without prejudice and without further notice (Id.). Otto did not file a response to the Magistrate Judge's order.

Because Defendant Berry has been served and he has filed his answer and affirmative defenses (and Berry has not challenged the timeliness of service in his answer), the question of his dismissal due to a lack of service is now moot. However, in accordance

with the Magistrate Judge's March 20, 2014 Order, the Court will dismiss without prejudice all claims against Defendant Williams due to Otto's failure to effect service of process.

### Tussey's Motion to Dismiss Count I

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Tussey seeks to dismiss Count I, the 42 U.S.C. § 1983 excessive force claim, on the grounds that Otto has not properly asserted a violation of his constitutional rights (Doc. 10). Specifically, Defendant Tussey contends that Otto improperly asserted violations of his Eighth Amendment rights instead of his Fourteenth Amendment rights. See Doc. 1, ¶ 65.

**I.     Standard of Review**

For the purposes of a motion to dismiss under Rule 12(b)(6), the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010); Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and that rises "above the speculative level." Speaker, 623 F.3d at 1380 (citing Twombly, 550 U.S. at 570, 127 S. Ct. at 1964–65, 1974). A claim

5

is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). The plausibility standard requires that a plaintiff allege sufficient facts to nudge his "claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." Id., 555 U.S. at 555, 127 S. Ct. at 1964-65.

## II.   Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment governs claims of excessive force. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). However, the Eighth Amendment's protections only apply to prisoners who have been convicted of a crime. Id. See also Tittle v. Jefferson Cnty. Comm'n, 10 F.3d 1535, 1546 (11th Cir. 1994) (en banc). Claims involving the mistreatment of arrestees or pretrial detainees are properly analyzed under the Substantive Due Process Clause of the Fourteenth Amendment. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005). The excessive force legal analysis applied to arrestees and pretrial detainees under the Fourteenth Amendment is identical to the analysis applied to convicted inmates under the Eighth Amendment. Id. ("[I]t makes no difference whether [the plaintiff] was a pretrial

detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving . . . pretrial detainees.'") (quoting Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996)).

According to the facts alleged in Otto's Complaint, the only interaction between himself and Defendant Tussey took place at the time Tussey arrested him. There are no allegations that Defendant Tussey engaged in any wrongdoing during Otto's incarceration. Thus, as it pertains to Defendant Tussey, Count I involves Otto's status as an arrestee and/or pretrial detainee; therefore Otto may only proceed under a theory that Tussey violated his Fourteenth Amendment rights.

While Defendant Tussey is correct that Otto failed to mention the Fourteenth Amendment in Count I, the requested relief of dismissal is unwarranted. Pursuant to Twombly and its progeny, it can be reasonably inferred that Otto intended to assert claims under both the Eighth Amendment (as it pertains to Defendants Blair, Berry, and Pioti), and the Fourteenth Amendment (as it pertains to Defendant Tussey). Moreover, Defendant Tussey has not argued that Count I failed to sufficiently place him on notice of the claims asserted against him. He has also suffered no prejudice as the legal standards and decisional authority are identical for excessive force claims asserted under either Amendment. The Court therefore finds that a plausible claim for excessive force in violation of Otto's Fourteenth Amendment rights has been stated against Defendant Tussey. His motion to dismiss Count I shall be denied.

The Court notes that Otto has asserted his claims against Defendant Blair in his official capacity as Sheriff of Marion County. However, the Complaint does not specify whether the remaining Defendants have been sued in their official or individual capacities with respect to the 42 U.S.C. § 1983 claims. It is the law of this Circuit that "[W]here a plaintiff brings an action against a public official in his official capacity, the suit is against the office that official represents, and not the official himself." Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir. 1995). See also Abusaid v. Hillsborough Cnty,. Bd. of Cnty. Com'rs, 405 F.3d 1298, 1302 n. 3 (11th Cir. 2005) (When a law enforcement officer "is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent.") (internal quotation marks omitted). Accordingly, to the extent Otto has asserted any claims under § 1983 against Defendants Berry, Pioti, or Tussey in their official capacities, those claims will be dismissed and the §1983 claims shall proceed against these Defendants in their individual capacities only.

**Defendant Tussey's Motion for Summary Judgment as to Count II**

Defendant Tussey next seeks summary judgment as to Count II, the § 1983 wrongful arrest claim, on the grounds that this claim is barred under the doctrines of collateral estoppel and Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). (Doc. 11). On November 1, 2013, the Clerk served Otto with a summary judgment notice directing him to file a response to the motion within 21 days, and advising him that failure to respond "will indicate that the motion is not opposed." (Doc. 14). To date, Otto has not filed a response.

8

## I.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying this standard, the Court must examine the materials on file and the record evidence "in the light most favorable to the nonmoving party." Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). When faced with a "properly supported motion for summary judgment [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

At the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986). Some degree of factual dispute is expected, but to successfully counter a motion for summary judgment the factual dispute must "affect the outcome of the suit" and must be "such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248, 106 S. Ct. at 2510.

**II.     Discussion**

The United States Supreme Court held in Heck v. Humphrey that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87, 114 S. Ct. at 2372.

Heck thus stands for the proposition that a non-habeas civil action for monetary damages is barred if the direct or indirect effect of success on that action would necessarily call into question the validity of the underlying conviction and sentence.  See Wilkinson v. Dotson, 544 U.S. 74, 81-81, 125 S. Ct. 1242, 1248 (2005).  The Eleventh Circuit has repeatedly applied Heck to bar § 1983 damages actions where the claim would render a valid underlying conviction invalid.  See, e.g., Dozier v. Vickers, 534 Fed. Appx. 909 (11th Cir. 2013); Quinlan v. City of Pensacola, 449 Fed. Appx. 867 (11th Cir. 2011); Brown v. Coleman, 439 Fed. Appx. 794 (11th Cir. 2011); Austin v. City of Tuskegee, Ala., 335 Fed. Appx. 856 (11th Cir. 2009); Vickers v. Donahue, 137 Fed. Appx. 285 (11th Cir. 2005).

In this case, Otto pleaded nolo contendere to the charges of driving under the influence and resisting a law enforcement officer without violence.[2] He was adjudicated guilty and sentenced to 270 days imprisonment (Doc. 11, Ex. 1). Otto's wrongful arrest claim before this Court directly and specifically challenges his arrest, which he also challenged in his state criminal proceedings by way of his motion to suppress. In order for Otto to prevail in his § 1983 claim, Otto would have to present the same underlying evidence and facts which supported his criminal conviction, and a jury would have to find that his arrest was unconstitutional. And if his arrest was found to be unconstitutional, (a finding that would conflict with the state court's ruling denying his motion to suppress) then the validity of his criminal conviction would necessarily be called into question. Otto has not presented any argument or evidence that his criminal conviction has been reversed on direct appeal, expunged, or otherwise declared invalid by way of a writ of habeas corpus. Rather, taking the undisputed facts in the light most favorable to Otto, it is clear that Count II is an attempt to challenge his conviction and sentence. See Rivera v. City of Tampa, No. 8:10-cv-2851-T-33EAJ, 2011 WL 4031137 (M.D. Fla. Sept. 12, 2011).

Otto's wrongful arrest claim (Count II) is therefore Heck-barred, and Defendant Tussey's motion for summary judgment will be granted.

---

[2] In Florida, a plea of nolo contendere constitutes a conviction, see Fla. Stat. § 960.291(3), Behm v. Campbell, 925 So. 2d 1070, 1072 (Fla. 5th DCA 2006). Therefore, Heck can apply to bar Otto's claims if his criminal conviction remains valid.

**Conclusion**

Accordingly, upon due consideration, it is hereby ORDERED as follows:

(1)     Defendant Joseph Tussey's Motion to Dismiss Count I (Doc. 10) is DENIED;

(2)     Defendant Joseph Tussey's Motion for Summary Judgment as to Count II (Doc. 11) is GRANTED.  Since the action will remain pending, judgment will be withheld pending resolution of the action as a whole in order to avoid the possibility of multiple appeals in the same case.

(3)     Pursuant to the Magistrate Judge's Order of March 20, 2014 (Doc. 30), the Clerk is further directed to enter judgment dismissing without prejudice all claims against Defendant Jason Williams due to the failure to effect service of process.

(4)     The case shall proceed on the remaining claims against the remaining Defendants.  However, to the extent the Plaintiff's Complaint can be read to assert claims under 42 U.S.C. § 1983 against Defendants Berry, Pioti, or Tussey in their official capacities, those claims are DISMISSED.  The Plaintiff's § 1983 claims may proceed against these Defendants in their individual capacities only.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 30th day of June, 2014.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya A. McSheehy